GUY M. WALKER, Plaintiff, *v.* LIVERPOOL & LONDON & GLOBE INSURANCE COMPANY, Defendant.

GUY M. WALKER, Plaintiff, *v.* WESTERN ASSURANCE COMPANY OF TORONTO, Defendant.

(Supreme Court, New York Trial Term, July, 1921.)

Insurance (marine) — plaintiff entitled to recover damages found upon a survey irrespective of actual cost of repairs.

> Where a clause in a policy of marine insurance covering plaintiff's vessel, that " no claims for loss or damage shall go beyond the extent or cost of actual repairs rendered necessary in consequence of any disaster insured against," taken in collocation with anterior phrases, imports merely a limitation of the sum of loss beyond which liability will not be incurred, and in an action on the policy it is conceded that no repairs were made to plaintiff's vessel, which was damaged as a result of a marine peril, plaintiff is entitled to judgment in the amount of damages found upon a survey provided for by the policy.

ACTION on an insurance policy.

Foley & Martin, for plaintiff.

Park & Mattison, for defendants.

McAvoy, J.   The vessel involved was damaged as a result of a marine peril and defendants, her assurers, contest payment of the estimated damages found upon a survey because of this clause in the marine policy: " No claims for loss or damage shall go beyond the extent or cost of actual repairs rendered necessary in consequence of any disaster insured against." If this be construed as a clause conditioning liability upon the actual making of repairs and thus reaching a definite determination of their cost, the plaintiff must fail, for concededly there never were actual repairs made of the damage to the vessel. *Per contra* if construction be that the words taken in their collocation with other

phrases anterior import merely a limitation of the sum of loss beyond which liability will not be incurred, the finding must award the conceded survey estimate as judgment damages. The rule of maritime jurists as to liability of insurers is that the vessel's owners or the assured should receive the amount of estimated damage at the port of distress regardless of the fact that actual repairs might be made for a lesser sum at another port to which the vessel could be towed or proceed upon her own motivation. *Pitman* v. *Universal Marine Ins. Co.,* 9 Q. B. Div. 192; *Patapsco Ins. Co.* v. *Southgate,* 5 Pet. 604. This rule of course may be averted by specific agreement of the assured and assurer to adopt another *media* of liquidating damage, and such a change, it is asserted here, has been accomplished. This upon a mere reading of the clause quoted would appear plausible, but on the whole policy's purpose of indemnity it is unsound. The theory that an assured is limited to the amount paid for actual repairs would lead to the absurdity that if he made no repairs at all and used the vessel in her damaged condition he could recover nothing. *The Keeler,* 194 Fed. Repr. 339, 342. The survey provided for in case of damage in such an instance would be useless; else why survey when actual cost of actual repairs is the sole criterion? The true rule seems to work out in this wise: The clause providing for survey must be observed and its estimate control unless actual repairs be made, in which event a loss or damage claim may not be made in excess of such cost for actual repairs rendered necessary by the disaster. I hold that the clause is a limitation merely and not a condition, the terms of which must be existent at time of demand for recovery. The plaintiff should take the judgment.

Judgment accordingly.